**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DIAMOND TRANSPORTATION
LOGISTICS INC,**

      **Plaintiff,**

      v.

**THE KROGER CO,** *et al.***,**

      **Defendants.**

**Civil Action 2:19-cv-5448
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant The Kroger Co.'s ("Kroger") Motion for Leave to File Crossclaim and Third Party Complaint (ECF No. 64), Defendant Granite State Insurance Company's ("Granite") Memorandum in Opposition (ECF No. 66), and Kroger's Reply (ECF No. 67).  In its Motion, Kroger seeks leave to assert crossclaims against Granite for declaratory judgment, indemnification, and bad faith and also to file a third-party complaint against Gail Maureen Lawrence d/b/a GM Lawrence Insurance Brokerage ("GML").  Granite opposes Kroger's Motion, contending that Kroger does not show good cause for adding claims and that its proposed claims would be futile.

For the reasons that follow, Kroger's Motion for Leave to File Crossclaim and Third Party Complaint (ECF No. 64) is **GRANTED.**

### I. PROCEDURAL HISTORY

On December 13, 2019, Plaintiff Diamond Transport Logistics, Inc. ("Diamond") filed its Complaint against Defendants Kroger, American International Group Inc. ("AIG"), Granite, and

GML.  (ECF No. 1.)  Defendants AIG and GML were terminated by a stipulation on May 20, 2020.  (ECF No. 45.)  On March 18, 2020, this Court issued a Preliminary Pretrial Order ("PPO") (ECF No. 30) setting forth the case schedule deadlines the parties recommended in their Rule 26(f) report (ECF No. 28).  That PPO set July 18, 2020, as the deadline for filing motions or stipulations addressing the parties or pleadings, including joinder of additional claims or parties.  (*Id.*)  On October 9, 2020, Kroger filed the instant motion.

## II.  STANDARD OF REVIEW

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)).  "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment."  *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

## III.  ANALYSIS

As an initial matter, Kroger cited the standard for amendments under Federal Rule of Civil Procedure 15(a)(2), which directs the Court to "freely give leave when justice so requires." (Mot. 4–5, ECF No. 64.)  However, this standard is of secondary importance where, as here, the

2

Court has already entered a scheduling order under Fed. R. Civ. P. 16 and the deadline to amend the pleadings has passed. *Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."). Nevertheless, the Court finds that Kroger has satisfied the more demanding Rule 16 standard.

Rule 16(b)(4) requires that Kroger satisfy two criteria: diligence and lack of prejudice to the opposing parties. Kroger easily clears the lack of prejudice bar. Kroger and Granite agree that the new claims Kroger seeks to assert overlap considerably with claims already asserted in the case by other parties (Reply 5–6, ECF No. 67; Mem. in Opp'n 4–5, ECF No. 66), such that no additional discovery will be required. Further, the discovery period does not close until February 18, 2021, and dispositive motions are not due until March 18, 2021. (PPO, ECF No. 30.) *Cf. Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court."). Kroger's request to extend the pleading amendments deadline is also the first extension of the case schedule requested by any of the parties, and no party suggests that allowing Kroger's pleading amendment would require extending other case deadlines. And even if allowing the amendment would require extending other deadlines, this case has not been pending so long that strict enforcement of the existing case schedule is necessary to prevent undue delay. The Court is therefore unable to discern any prejudice to any party that would be caused by permitting the amendment.

Diligence poses a closer question. Kroger asserts that it acted diligently because it did not have adequate information upon which to base the proposed claims until after the deadline.

3

(Kroger's Reply at 2–5, ECF No. 67.)  Kroger served discovery requests on Diamond and GML seeking information regarding Kroger's insured status (a key fact underlying Kroger's proposed claims), but Diamond did not respond until July 6, 2020, and GML did not respond until August 14, 2020.  (*Id.*)  Kroger also asserts that it was unaware that Granite would dispute its insured status until Granite filed a counterclaim on July 13, 2020, such that Kroger had no reason to seek amendment earlier.  Granite counters that Kroger had reason to know of the issue regarding its insured status as far back as filing of the exhibits to the Complaint in December 2019, and that Granite's Counterclaim filed on July 13, 2020—five days before the deadline for motions to amend the pleadings—again put Kroger on notice of the claims it now seeks to assert.  (Mem. in Opp'n 4–5, ECF No. 66.)

      The Court finds that Granite's Counterclaim being filed just five days before the pleading amendment deadline constitutes good cause to extend the deadline by some amount.  That said, it is less clear that the new information Kroger gleaned on July 13, 2020, justifies an extension of 83 days (until Kroger filed the present Motion on October 9, 2020) to move for leave to file its new claims.  Kroger certainly could have acted with more diligence.  However, if the Court were to deny leave for Kroger to assert its new claims in this action, Kroger would likely file a separate action against Granite and GML.  That action would be related to the present case, and, in all likelihood, would end up consolidated with this one.  This would result in Kroger having effectively asserted its Crossclaim and Third Party Complaint in this action, in a manner requiring multiple procedural steps in the interim.  The principle of judicial economy disfavors this course of action.  Accordingly, given the practical consequences of denying the amendment, coupled with the complete lack of prejudice to any party that would result from allowing the

4

amendment, the Court finds good cause to permit Kroger to file its Crossclaim and Third Party Complaint under Rule 16(b)(4).

The Court now moves to the standard of Rule 15(a)(2), which directs the Court to "freely give leave when justice so requires." For the reasons related to lack of prejudice and judicial economy outlined above, justice requires permitting Kroger to assert its Crossclaim and Third Party Complaint. Accordingly, Kroger has also met the Rule 15(a)(2) standard for pleading amendments.

Finally, Granite argues that Kroger should be denied leave to amend its pleading because the new claims it seeks to assert are futile. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the proposed pleading, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011); *see also* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Kroger to file its Crossclaim and Third Party Complaint with the understanding that the other parties are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F.Supp.

5

578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed."). Accordingly, Kroger's Motion for Leave to File Crossclaim and Third Party Complaint is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Kroger's Motion for Leave to File Crossclaim and Third Party Complaint (ECF No. 64) is **GRANTED**. The Clerk is **DIRECTED** to file Kroger's Crossclaim and Third Party Complaint, attached to the Motion as Exhibit A (ECF No. 64-1).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE