UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DIAMOND TRANSPORTATION
LOGISTICS, INC.,**

        **Plaintiff,**

  v.

**THE KROGER CO.,** *et al.***,**

        **Defendants.**

**Civil Action 2:19-cv-5448
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

In this diversity action, Plaintiff, Diamond Transportation Logistics, Inc. ("Diamond"), sued The Kroger Co. ("Kroger"), Granite State Insurance Company ("Granite"), American International Group, Inc. ("American"), and GM Lawrence Insurance Brokerage ("GML") for breach of contract and fraud in this insurance dispute. (Compl. ¶¶ 2–6, ECF No. 1.) Kroger filed a counterclaim against Diamond for breach of contract and fraud. (ECF No. 27.) This matter is before the Court on Diamond's Motion for Leave to File an Amended [Answer] to the Counterclaim, Kroger's Memorandum in Opposition, and Diamond's Reply. (ECF Nos. 132, 138, and 140.) Diamond seeks leave to amend its Answer to raise two new defenses to Kroger's Counterclaim. For the following reasons, Diamond's Motion (ECF No. 132) is **DENIED**.

### I. BACKGROUND

Diamond commenced this action on December 13, 2019, suing Kroger, Granite, American, and GML. (ECF No. 1.) American and GML have since been terminated as parties by stipulation. (ECF No. 45.) Kroger answered Diamond's Complaint and filed a counterclaim

against Diamond on March 9, 2020, which Diamond answered on April 16, 2020. (ECF Nos. 27, 38.) Granite answered Diamond's Complaint and filed a counterclaim against Diamond on July 13, 2020, which Diamond answered on August 10, 2020. (ECF Nos. 57, 61.) Kroger filed a crossclaim against Granite on December 10, 2020, which Granite answered on September 16, 2021. (ECF Nos. 75, 122.)

Meanwhile, on March 18, 2020, the Court established a case schedule in its Preliminary Pretrial Order ("PPO"), including a July 18, 2020 deadline for amendments to the pleadings. (ECF No. 30.) By agreement of the parties, the deadlines to complete discovery and file dispositive motions were extended to February 18, 2022, and March 21, 2022, respectively. (ECF Nos. 89 and 124.) The Court ordered that no further extensions of time would be granted absent a true emergency. (ECF No. 124.) The parties each filed dispositive motions on March 21, 2022. (ECF Nos. 157, 158, 172, 173, and 174.)

On January 25, 2022—more than a year-and-a-half after the deadline to amend the pleadings, and with just over three weeks left in discovery—Diamond filed the subject Motion, seeking to amend its April 16, 2020 Answer to Kroger's Counterclaim to add two additional defenses. (Diamond's Mot. 2, ECF No. 132.) First, Diamond seeks to add the defense that a document produced in discovery releases Diamond from liability as to Kroger's Counterclaim. (*Id.*) Second, Diamond seeks to add the defense that "portions of the contract [at issue in this litigation] are void based on public policy . . . ." (*Id.*) As grounds for its Motion, Diamond asserts that it "learned of the need" to raise these new defenses "[u]pon the receipt of information and documentation obtained through discovery." (*Id.*)

2

Kroger[1] opposes amendment, arguing that Diamond unduly delayed in seeking leave to amend and that amendment this late in the case schedule would prejudice Kroger. (Opp'n 2–3, ECF No. 138.) Regarding delay, Kroger contends that Diamond has been in possession of all the facts underlying its proposed amendment for over a year and has failed to justify its delay in seeking to amend. (*Id.* at 3.) Regarding prejudice, Kroger contends that it is out of time to conduct discovery on Diamond's proposed new defenses, and that even if it had time, it should not be forced to waste resources "re-depos[ing]" witnesses and conducting third-party discovery on defenses that Diamond could have asserted earlier. (*Id.* at 4.)

In its Reply, Diamond neglects to adddress Kroger's contention that Diamond "knew or should have known the facts and theories raised by its Motion" prior to the amendments deadline. (Opp'n 2–3, ECF No. 138.) Nor does Diamond dispute that it has been in possession of the document that it contends supports amendment for more than a year. (Reply 1, ECF No. 140.) Instead, Diamond argues that its proposed amendment would not prejudice Kroger because it should not require additional discovery. (*Id.* at 2.) Diamond also maintains that it is entitled to raise its new public policy defense now, because Kroger has received notice of that defense "by some means other than the pleadings" and has had a "reasonable time to respond." (*Id.* at 2–3 (quoting *Ordos City Hawtai Autobody Co. v. Diamond Rigging CO., LLC.*, 695 F. App'x 864, 872 (6th Cir. 2017).)

## II. STANDARD OF REVIEW

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and

---

[1] Granite does not oppose Diamond's proposed amendment. (Diamond Mot. 2, ECF No. 132.)

3

seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

4

### III.    ANALYSIS

Diamond has failed to establish good cause to modify the case schedule. As an initial matter, Diamond cites the standard for amendments under Federal Rule of Civil Procedure 15(a), which directs the Court to "freely give leave when justice so requires." (Diamond's Mot. 2, ECF No. 132; Reply 1, ECF No. 140.) However, this standard is of secondary importance where, as here, the Court has already entered a scheduling order under Rule 16 and the deadline to amend the pleadings has passed. *Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."). Under the more stringent "good cause" standard of Rule 16, Diamond must demonstrate that it acted diligently in attempting to comply with the July 18, 2020 deadline to amend the pleadings. Diamond has not done so.

Diamond offers no explanation for why it did not attempt to amend its Answer prior to the July 18, 2020 deadline. Regarding its proposed new defense that Kroger has released it from liability, Diamond concedes that it received the document underlying this defense more than 18 months ago. Diamond further concedes that some version of the document was in Diamond's possession before the litigation even began. (Reply 1–2, ECF No. 140 (Diamond "received some draft" of the document in 2016, and an "executed copy . . . in discovery in 2021.").) Thus, Diamond acknowledges that it was aware of the facts supporting this defense even before this action commenced, yet fails to explain why it waited more than 18 months after the expiration of the amendments deadline to seek amendment. Regarding its proposed new defense that parts of the contract at issue in this litigation are void against public policy, Diamond contends that this addition "may not necessarily be required . . . because the issue is inherent in Kroger's response

to the Complaint" and "is at the core of the case generally." (Reply 2–3, ECF No. 140.) Thus, although Diamond acknowledges that it was aware of the facts underlying this defense when Kroger filed its Answer and Counterclaim over four months prior to the amendments deadline, Diamond fails to explain why it was unable to meet the deadline. Diamond has therefore failed to carry its burden to demonstrate that it diligently attempted to comply with the amendments deadline.

Moreover, Kroger will be prejudiced if amendment is permitted at this late stage, after discovery has closed and the dispositive motions deadline has passed. The United States Court of Appeals for the Sixth Circuit Court has "repeatedly held that allowing amendment after the close of discovery creates significant prejudice." *Gormley v. Precision Extrusions, Inc.*, 174 F. App'x 918, 921 (6th Cir. 2006) (citations omitted); *see also Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the [nonmoving party] would have been prejudiced if a further amendment had been permitted by the district court."). Diamond's arguments that Kroger could have taken discovery on the release document earlier, and alternatively that any such discovery is irrelevant, are unavailing. (*See* Reply 1–2, ECF No. 140.) Kroger could not have investigated a defense of which it was unaware.

Finally, *Ordos City*, upon which Diamond relies for the proposition that it may raise its public policy defense at this late stage of the case, does not change the Court's conclusion. (Reply 2, ECF No. 140 (citing *Ordos City,* 695 F. App'x at 872).) Significantly, in *Ordos City*, the Sixth Circuit did not consider a motion to amend defensive pleadings. Rather, the Court considered whether the defendant could raise an affirmative defense on appeal from summary judgment where the defendant had failed to plead that defense or raise it below. The Court found

6

that the defendant was *prohibited* from raising the affirmative defense on appeal because the defendant's "pleading ma[de] no mention" of the defense and the defendant "also fell short of raising the defense in any way that would give [the opposing parties] fair notice." *Ordos City*, 695 F. App'x at 872–73. Here, to the extent Diamond invites the Court to decide whether Diamond has forfeited an affirmative defense relating to public policy, the Court declines Diamond's invitation. Neither party has briefed whether Diamond this issue, and the Court now considers only whether Diamond has demonstrated good cause to amend the case schedule under Rule 16. For the reasons discussed above, the Court finds that Diamond has not in view of its lack of diligence.

## IV. DISPOSITION

In sum, in the absence of sufficient explanation for why Diamond could not have amended its Answer prior to the deadline for pleading amendments, and given the prejudice Kroger would suffer if the Court permitted amendment now, Diamond's Motion (ECF No. 132) is **DENIED**.

    **IT IS SO ORDERED.**

                                               /s/ *Chelsey M. Vascura*
                                               CHELSEY M. VASCURA
                                               UNITED STATES MAGISTRATE JUDGE